NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES E. WHITE, | No. 19-15793 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00917-BAM |
| v. | |
| MARK N. PAZIN, Sheriff/Coroner (Sheriff Administration); et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| COUNTY OF MERCED, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding**

Submitted August 5, 2020***

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James E. White appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that, while he was a pretrial detainee in the Merced County jail, the jail's policy of denying visitation with children under the age of 12 years old violated the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment because White failed to raise a genuine dispute of material fact as to whether the jail's policy was not reasonably related to the legitimate penological interest of the safety of the children and the jail. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (stating that a prison regulation is valid if it is reasonably related to legitimate penological interests and articulating the factors for determining the reasonableness of the prison regulation at issue); *Pierce v. County of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008) (applying the *Turner* factors to pretrial detainees).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

White's request for sanctions, set forth in the reply brief, is denied.

**AFFIRMED.**